**DISPLAY SOLUTIONS, INC., Plaintiff,**

v.

**DAKTRONICS, INC., Federal Sign Division of Federal Signal Corporation, Defendants.**

**Civil Action No. 1:95–CV–1099–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 24, 1997.

Gary Devon Stokes, Lamberth Bonapfel Cifelli & Stokes, Atlanta, GA, Allen D. Brufsky, phv, Kramer Brufsky & Cifelli, Fairfield, CT, Allen D. Brufsky, phv, Cummings & Lockwood, Stamford, CT, for plaintiffs.

Brent J. Kaplan, Robins Kaplan Miller & Ciresi, Atlanta, GA, Ronald J. Schutz, phv, Damon L. Ward, phv, Darren B. Schwiebert, phv, Robins Kaplan Miller & Ciresi, Minneapolis, MN, for defendants.

## *ORDER*

THRASH, District Judge.

This matter comes before the Court on the Defendants' Motion to Alter and Amend the Judgment [Doc. No. 57] and the Plaintiff's Motion for Relief from Judgment [Doc. No. 58].

In 1995, Plaintiff Display Solutions, Inc. filed this patent infringement complaint against Defendant Daktronics, Inc. ("Daktronics") and the Federal Sign Division of Federal Signal Corporation (hereinafter referred to as "Federal Signal"). In the complaint, Plaintiff asserts that Daktronics is infringing patent no. 4,843,527 ("the 527 patent") by manufacturing, offering to sell, and selling matrix lamp displays that employ the patented invention. Plaintiff further asserts that Federal Signal is infringing the patent by purchasing signs from Daktronics that utilize the patented invention and by selling, leasing, and installing the signs with the assistance of Daktronics. The Defendants filed a Counterclaim under the Declaratory Judgment Act and seek a judgment that the Daktronics products do not infringe the 527 patent and that the patent is invalid and unenforceable.

The parties subsequently moved for summary judgment on the issues of infringement and patent invalidity. By order entered November 6, 1997 [Doc. No. 55], the Court first concluded that genuine issues of material fact existed to preclude summary judgment for either the Plaintiff or the Defendants regarding the validity of the 527 patent. The Court concluded that the Defendants were entitled to summary judgment as to whether any of Daktronics' products infringed the 527 patent. The Court stated:

> Because resolution of this issue is dispositive of this action, the Defendants' Motion for Summary Judgment [Doc. No. 38] is GRANTED; Plaintiff's Motion for Summary Judgment [Doc. No. 44] is DENIED; and a Declaratory Judgment is entered in favor of the Defendants that the Defendants have not infringed upon any claims in the 527 patent.... Because this Order resolves this action, the clerk is directed to enter judgment in favor of the Defendants and close this case.

The clerk then entered judgment in favor of the Defendants and dismissed the case [Doc. No. 56].

Subsequently, the Plaintiff filed, pursuant to Federal Rule of Civil Procedure 60(b), a motion for relief from the November 6 judgment [Doc. No. 58]. The Plaintiff contends that sufficient evidence existed on the issue of infringement to present that issue to a jury. Rule 60(b) provides in pertinent part that "the court may relieve a party ... from a final judgment ... for ... mistake, inad-

vertence, mistake, or excusable neglect[.]" After carefully considering the Plaintiff's arguments [Doc. Nos. 58, 60], the Court finds that its motion is without merit and is therefore DENIED.

The Defendants filed, pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter and amend the November 6 judgment [Doc. No. 57]. Because the Court ruled that genuine issues of material fact exist as to whether the 527 patent is valid, the Defendants contend that they should be allowed to proceed to trial on this issue pursuant to their counterclaim under the Declaratory Judgment Act. Thus, they contend that the dismissal of the case was inappropriate because the Court must adjudicate questions of both infringement and validity.

The Federal Circuit has expressed its preference that a district court should decide validity and infringement and should enter a judgment on both issues when both are raised in the same proceeding. *See Lindemann Maschinenfabrik GMBH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1463 (Fed.Cir.1984); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1540 (Fed.Cir.1983). Here, the Defendants correctly assert that the Court has not fully adjudicated the issue of patent validity. Thus, the Court concludes that it prematurely dismissed the case before resolution of the · Defendants' counterclaim for patent invalidity under the Declaratory Judgment Act.

Accordingly, the Defendants' motion to alter and amend the November 6 judgment [Doc. No. 57] is GRANTED. The case is hereby reopened and the November 6 judgment [Doc. No. 56] is VACATED. The November 6 order [Doc. No. 55] is amended to reflect that while the Plaintiff's Motion for Summary Judgment remains DENIED, the Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part. The Defendants' summary judgment motion is GRANTED on the Plaintiff's claim for patent infringement and DENIED on the Defendants' counterclaim of patent invalidity. Thus, a Declaratory Judgment is entered in favor of the Defendants that they have not infringed upon any claims in the 527 patent. Issues pertaining to the Defendants' counterclaim for patent invalidity under the Declaratory Judgment Act remain pending. The clerk is directed to enter judgment in favor of the Defendants only as to the Plaintiff's claim for patent infringement. In light of the above decision, this case will be placed on the Court's February, 1998 trial calendar and the *Consolidated* Pretrial Order will be due for filing no later than January 30, 1998.